[Civ. No. 850. Fourth Appellate District.—May 26, 1931.]

NELLIE A. McLEAN, Respondent, v. ELIZABETH ALTRINGER, Appellant.

Merriam, Rinehart & Merriam and Harvey M. Parker for Appellant.

A. G. Reily for Respondent.

MARKS, J.—Respondent recovered judgment against appellant in the sum of $1,000 damages in an action for slander.

It appears from the record that respondent rented a furnished house from appellant and after occupying it for

several months moved therefrom on or about October 24, 1927; that the parties hereto proceeded to check over a list of the personal property leased by appellant to respondent in order to determine the articles damaged or missing; that several persons other than the interested parties were present on this occasion; that appellant falsely accused respondent of stealing a whole set of blue bird dishes and a chair that formerly belonged to the mother of the appellant; that appellant did not own a set of blue bird dishes and that there were no such dishes in the house leased by her to respondent.

The trial court in its findings resolved all issues in favor of respondent. The pertinent parts of the findings are as follows:

"That it is not true that said parties were brought there for the purposes of being witnesses in anything that was said or done in connection therewith; and that it is not true that any and all statements made by the defendant were made directly to the plaintiff and in the presence of no other persons except the persons invited to the premises by the plaintiff; and that it is not true that all statements were made without malice.

"The Court specifically finds that there were people present at the time that the defendant accused the plaintiff of stealing her personal property who were not invited to be present by the plaintiff;

"And the Court further finds that the statements of the defendant to the plaintiff and concerning the alleged stealing of said personal property were made with malice and with intent to injure the plaintiff."

The court further found that such accusations were false.

Appellant presents several grounds upon which she urges a reversal of the judgment. First, that the accusation of the theft was made in good faith and was privileged under the provisions of subdivision 3 of section 47 of the Civil Code; second, that the finding of the trial court that appellant made the accusation of the theft of personal property with malice is not supported by the evidence; third, that respondent invited the defamatory words, and that the witnesses hearing them were present at her request for the purpose of laying a foundation for this action; and, fourth,

that the record discloses no actual damage suffered by respondent.

The record discloses that the meeting between the parties to check over the personal property to be returned to appellant was such a one as is usual under such circumstances. We cannot see how the provisions of subdivision 3 of section 47 of the Civil Code are applicable. In any event, the court found that the accusation of the theft of the personal property was made by appellant with actual malice. If this finding is supported by the evidence then the provisions of this subdivision of section 47 of the Civil Code have no application to this case. As is said in 16 California Jurisprudence, 67, 68:

"By the express provisions of subdivisions 3, 4 and 5, of section 47 of the Civil Code, a communication to be privileged within those subdivisions must be 'without malice'. The malice referred to is malice in the popular conception of the term, that is, a desire or disposition to injure another founded upon spite or ill will. Accordingly, malice in fact defeats a plea of privileged communication. In order to protect a communication as qualifiedly privileged, it must appear that it was made in good faith, and in the honest belief that it was true; knowledge of its falsity at the time of making it destroys its privileged character. The manner of statement is material upon the question of malice; and if the facts believed to be true are overdrawn, exaggerated or colored, or are not stated fully and fairly, it is a circumstance tending to prove actual malice, and may be sufficient for that purpose."

The finding that the accusation made by appellant was made with actual malice is amply supported by reasonable inferences from the evidence in view of the fact that appellant admitted that she did not own a set of blue bird dishes and that no such dishes were in the house leased by her to respondent. It is said in 16 California Jurisprudence, 35–37:

"Malice in fact—that is, an evilly-disposed mind—is not essential to a recovery for defamation. Such malice becomes important in but two contingencies,—to rebut a plea of privilege made by defendant, and to lay the necessary foundation for the recovery of punitive damages. The word 'malice' in the provisions of the Civil Code upon the sub-

ject of libel and slander, means actual or express malice.

"Malice in fact may be proved either directly or indirectly —either by direct evidence of the evil motive, or by legitimate inferences to be drawn from other facts and surrounding circumstances. An inference of actual malice cannot be founded on negligence merely, unless it is so gross as to evidence evil intent; but gross negligence may support such an inference. To ascertain the existence of actual malice there may be taken into consideration not only the general course of defendant's conduct toward plaintiff, and any specific acts tending to prove or disprove an evil motive, but also the evidence furnished by the nature of the defamation itself.

"It has been said, somewhat loosely, that where defamatory matter is actionable *per se,* a presumption of malice in fact, disputable in character, arises from the publication itself. The malice thus presumed is, in truth, malice in fact, or evil motive, and has all the dignity and gravity of express malice proved *aliunde.*

"It is more accurate, however, to treat the publication of defamatory matter as warranting an inference of malice in fact, which the jury may draw or not as it sees fit, rather than as creating a legal, even though rebuttable, presumption. Malice in fact is never presumed but is always to be proved, and the utmost limit of the law is reached where it is declared that, by proof of the unprivileged character of a publication, libelous *per se,* the jury may infer the existence of this malice. But the inference is always an inference to be drawn by the jury, and is not a presumption which the law has made, or which the court may make for the control of the jury. The inference which the jury are at liberty to draw is, however, sufficient to make out a *prima facie* case, and the plaintiff need not otherwise prove malice in fact."

■ The court found against the third contention of appellant that respondent invited defamatory words and that the witnesses hearing them were present at her request for the purpose of laying a foundation for this action. A reading of the record discloses that there is ample evidence to support this finding. It is evident that the parties to this appeal had not been on the best of terms during a portion of the tenancy of respondent. Respondent asked some of the witnesses to be present at the time she checked over the

personal property returned by her to appellant so that she might have the evidence of disinterested witnesses as to the condition of the inventoried property. There is nothing to indicate that prior to the time of the actual accusation of theft made against her by appellant she had any thought of being accused of stealing any of the leased property. Nothing in her attitude invited any accusation of theft against her and it appears that these accusations were made by appellant without the slightest color of right or any support in fact.

In view of the finding of the trial court that the accusations of the theft of the personal property were false and were made by appellant with actual malice, and in view of the further fact that the actionable words accused respondent of theft and therefore were actionable *per se* special damages need neither be alleged nor proved. (16 Cal. Jur. 38, 39.) As was said in the case of *Tonini* v. *Cevasco*, 114 Cal. 266 [46 Pac. 103, 105]:

"We think that the language charged, upon its face, tended naturally, necessarily, and proximately, to produce some, at least, of the results mentioned in section 45 of the code above quoted; that its natural effect was to expose plaintiff to 'obloquy'—among the definitions of which given by Webster are 'blame, *reprehension*'—and to 'injure him in his occupation'; and that, therefore, no averment or proof of special damage was necessary."

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.